UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


YOUSSEF V. ALAKHRAS, #976358,

        Plaintiff,

                                 CASE NO. 4:26-CV-11902

v.                             HON. F. KAY BEHM

LAURIE A. FRY, et al.,

        Defendants.

_____/

**<u>OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL</u>**

## I.  INTRODUCTION AND FACTS

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983.

Michigan prisoner Youssef V. Alakhras ("Plaintiff"), currently confined at the

Oaks Correctional Facility in Manistee, Michigan, raises claims concerning a "slip

and fall" and his subsequent medical care while confined at the Charles Egeler

Reception and Guidance Center ("RGC") in Jackson, Michigan in 2023.

Plaintiff, an amputee, alleges that while he was rolling along a cement

walkway to the prison yard in his wheelchair on May 27, 2023, his wheelchair hit a

crack in the cement and tipped over, causing his right leg stump to hit the ground

and open up. He wrapped his leg and filed a health care kite. He was seen in the

prison health unit on May 31, 2023. At that time, a nurse cleaned and bandaged his

wound. Later that same day, a nurse practitioner prescribed him 10 days of oral antibiotics and 7 days of wound care for infection (as set forth in exhibits attached to the complaint).

The wound apparently worsened over the next few weeks. Plaintiff does not indicate when or whether he returned to the prison health unit for additional evaluation or treatment, but an MRI was conducted on July 31, 2023 and revealed an infection and/or a need for further treatment. Plaintiff underwent a surgical procedure on or about August 14, 2023 to clean the wound, was prescribed additional medications, including intravenous antibiotics, and was hospitalized for several days. He also received follow-up care at the prison.

In his complaint, Plaintiff seems to contest the condition of the cement walkway leading to the prison yard, the wound care and medication that he received after his fall, and the alleged delays in being seen in the prison health unit and being given an MRI and further treatment. He names Nurse Practitioner Laurie A. Fry, Nurse Joel Knight, Drs. Hero and Janak Bhavsar, Warden Troy Chrisman, Deputy Warden James Malley, and Assistant Deputy Wardens Pearl Resharana and Scott Dixon as defendants and sues them in their individual and official capacities. He seeks injunctive relief and monetary damages. Plaintiff has paid the filing fee and the administrative fee for this case.

2

## II.   REVIEW STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of the rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it

3

does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-556 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege facts indicating that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-336 (1986). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

Despite this liberal pleading standard, the Court finds that the civil rights

4

complaint is subject to partial summary dismissal.

## III.   DISCUSSION

### A.   Complaint against Dr. Hero

Plaintiff's complaint against Dr. Hero must be dismissed. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-692 (1978); *Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff fails to do so with respect to Dr. Hero. He does not allege any facts explaining what Dr. Hero personally did or did not do to violate his rights. He merely lists him as a defendant. Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 against Dr. Hero in his complaint.

### B.   Complaint against the Warden, Deputy Warden, & Assistant Wardens

Plaintiff's complaint against Warden Chrisman, Deputy Warden Malley, and Assistant Deputy Wardens Resharana and Dixon must be dismissed. First, as with Dr. Hero, Plaintiff fails to allege any facts explaining what those defendants personally did nor did not do to violate his rights. He merely lists them as defendants. Plaintiff thus fails to state a claim upon which relief may be granted

under § 1983 against them in his complaint.

Any assertion that defendants Chrisman, Malley, Resharana, and Dixon, as wardens, should be liable for failing to supervise another employee, should be vicariously liable for another employee's conduct, and/or did not sufficiently respond to the situation are insufficient to state a viable claim under § 1983. *Monell, supra*; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff also does not allege facts showing that any injury that he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-557; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-391 (6th Cir. 2009).

Lastly, to the extent that Plaintiff seeks to bring a claim against defendants Chrisman, Malley, Resharana, and Dixon due to his fall from his wheelchair in the prison yard, he fails to state a viable claim under § 1983. A prisoner raising an Eighth Amendment claim for inhumane conditions of confinement must meet objective and subjective requirements in order to establish a constitutional

violation. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). First, the failure to protect from risk of harm must be objectively "sufficiently serious." *Id*. To meet this requirement, the prisoner must show that he or she is incarcerated under conditions posing a "substantial risk of serious harm." *Id*. Second, the prisoner must allege "more than ordinary lack of due care" for safety. *Id*. at 835. The prisoner must show that the prison official acted with "deliberate indifference" to a substantial risk of harm. The prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and [the official] must also draw the inference." *Id*. at 837.

Plaintiff fails to allege sufficient facts to state such a claim in his complaint. Rather, he merely references his "slip and fall" incident, which does not rise to the level of a constitutional violation. *See Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) ("federal courts have nearly unanimously held that a slip and fall, without more, does not amount to cruel and unusual punishment") (internal quotations omitted); *White v. Tyszkiewicz*, 27 F. App'x 314 (6th Cir. 2001) (dismissing prisoner's complaint alleging deliberate indifference where prisoner slipped and fell on ice); *Jamil v. Veenema*, No. CV 23-11901, 2024 WL 3933360, *3 (E.D. Mich. July 31, 2024), *R & R adopte*d, 2024 WL 3928878 (E.D. Mich. Aug. 23, 2024); *see also Hardin v. Baldwin*, 770 F. App'x 289 (7th Cir. 2019)

(finding that a sidewalk "littered with potholes" did not present a sufficiently serious risk to support an Eighth Amendment claim); *Yawn v. Palmer*, No. 1:22-CV-249-AW-HTC, 2022 WL 19914433, *4 (N.D. Fla. Dec. 30, 2022), *R & R adopted*, 2023 WL 3553121 (N.D. Fla. May 18, 2023) (ruling that broken sidewalk did not present a substantial risk of serious harm); *Hudson v. Neuschmid*, No. 2:20-CV-0483-JDP P, 2020 WL 5943681, *2 (E.D. Cal. Oct. 7, 2020) (summarily dismissing prisoner's Eighth Amendment claim arising from slip and fall on uneven pavement); *Valdez v. Zhang*, No. 3:20-CV-736-JLS-WVG, 2020 WL 5423900, *3 (S.D. Cal. Sept. 9, 2020) (summarily dismissing complaint where prisoner who used a walker alleged that he fell due to cracks in pavement); *Feliz v. Westchester Dep't of Corr. (Valhalla)*, No. 20-CV-6392 (LLS), 2020 WL 5096005, *4 (S.D.N.Y. Aug. 27, 2020) (ruling that pre-trial detainee's allegation of slip and fall on cracked cement may state a negligence claim (under state law), but it fails to state a constitutional one); *Sullivan v. Harry*, No. 1:13-CV-1363, 2014 WL 911867, *4 (W.D. Mich. Mar. 10, 2014) (dismissing prisoner's complaint that he slid/tripped on loose shower drains); *Bolds v. Blackwood*, No. 4:13CV420-RH/CAS, 2014 WL 29446, *2 (N.D. Fla. Jan. 3, 2014) (prisoner who tripped and fell on broken concrete sidewalk failed to state a constitutional claim).

While courts "have occasionally found that a slip-and-fall case that has additional exacerbating factors can create a plausible allegation of constitutional

8

harm," *Lamb*, 677 F. App'x at 209 (citation omitted), the only exacerbating factor evident from the complaint is that Plaintiff is an amputee who was using a wheelchair at the time of his fall. He does not allege any additional factors, such as being required to use or stay on the walkway, an inability to navigate or avoid the crack(s) that allegedly caused his fall, or being provided an unstable wheelchair. *See, e.g., Webb v. Neal*, No. 3:24-CV-856-GSL-JEM, 2025 WL 1393206, *2 (N.D. Ind. May 13, 2025) (discussing lack of exacerbating factors where inmate fell into a hole near the recreation yard walkway); *Ely v. Bowers*, No. 4:07CV961 CEJ, 2007 WL 4205802, *1 (E.D. Mo. Nov. 26, 2007) (dismissing Eighth Amendment claim where prisoner, who was partially paralyzed on right side due to stroke, was injured after falling on broken and uneven sidewalk because his disability alone was insufficient to establish a unique circumstance).

Additionally, and significantly, Plaintiff offers no facts which show that the defendants were aware of the walkway's condition, or that they were aware of a substantial risk to his safety due to the walkway and disregarded that risk. At best, his claim amounts to an allegation of negligence. *See, e.g., Salido v. Hil*l, No. 25-CV-00502-AJB-MMP, 2025 WL 918305, *3 (S.D. Cal. Mar. 26, 2025) (summarily dismissing prisoner's Eighth Amendment claim alleging that he fell and reinjured his back while using his walker on a poorly-maintained walkway because he failed to allege facts that defendants knew of, and consciously

disregarded, risk of serious injury to him); *Brown v. Brasher*, No. CIV S-10-0479-MCE-EFB, 2012 WL 639446 (E.D. Cal. Feb. 27, 2012) (holding that mobility-impaired inmate's claim of slipping and falling in a puddle caused by a water leak only supported a tort claim of negligence). An Eighth Amendment violation, however, requires a "state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835*; see also Collins v. City of Harker Hgts*., 503 U.S. 115, 127-128 (1992). Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 against defendants Chrisman, Malley, Resharana, and Dixon in his complaint.

**B.     Medical Care Claims against Fry, Knight, and Bhavsar**

Plaintiff's claims against defendants Fry, Knight, and Bhavsar concerning his medical care, particularly the alleged delay in care, construed liberally as claims of gross negligence or deliberate indifference to his medical needs, state potentially viable claims under § 1983. Consequently, his medical care claims against those defendants survive the Court's initial screening process and are not subject to dismissal at this time.

**C.     Mootness of Injunctive Relief Claims**

Plaintiff's claims for injunctive relief must be dismissed. Plaintiff is now confined at the Oaks Correctional Facility in Manistee, Michigan, but the defendants are/were employed at RGC in Jackson, Michigan and the events giving

10

rise to his complaint occurred while he was at RGC. Consequently, defendants no longer have any authority over Plaintiff's conditions of confinement. Plaintiff's claims for injunctive relief against the defendants are therefore moot, *see Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996), and must be dismissed.

## D. Eleventh Amendment Immunity

Plaintiff's claims for monetary damages against the remaining defendants in their official capacities must also be dismissed based on sovereign immunity. The Eleventh Amendment bars suit in federal court against a State and its departments or agencies unless the State has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a State official in his or her official capacity is simply another way of suing the State. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). The remaining defendants, who appear to be state employees, are thus entitled to Eleventh Amendment immunity on Plaintiff's claims for monetary damages against them in their official capacities.

## IV.   CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under § 1983 against defendants Hero, Chrisman, Malley, Resharana, and Dixon. Accordingly, the Court **DISMISSES** those defendants and the claims against them from this case.

The Court further concludes that Plaintiff states plausible claims for relief under § 1983 concerning his medical care against defendants Fry, Knight, and Bhavsar which survive initial screening. While Plaintiff may or may not prevail on those claims, he states potential claims for relief such that the medical care claims against those defendants are not subject to summary dismissal. Plaintiff, who has paid the filing fee for this action, is responsible for service of the complaint upon those remaining defendants.

Lastly, the Court concludes that Plaintiff's claims for injunctive relief are moot and that the defendants who are state employees are immune from suit on Plaintiff's claims for monetary damages against them in their official capacities.

**SO ORDERED**.

Dated: July 8, 2026                         s/F. Kay Behm
                                            F. Kay Behm
                                            United States District Judge